IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SEBASTIAN PATTERSON,**

  **Petitioner,**

v.           Civil Action No. 1:18-cv-199
                 (Kleeh)

**FREDERICK ENTZEL,**

  **Respondent.**

**MEMORANDUM ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 22], GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT. NO. 11], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 24], AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi [Dkt. No. 22]. The R&R recommends that the Court grant the *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* [Dkt. No. 11]. It also recommends that the Court dismiss the petition [Dkt. No. 1] with prejudice. For the reasons discussed below, the Court adopts the R&R.

      **I.  BACKGROUND**

On October 23, 2018, pro se Petitioner, Sebastian Patterson ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1]. The petition challenged the Bureau of Prison's ("BOP") calculation of Petitioner's sentence in relation to a sentence imposed by the state of Illinois [Id.].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi ("Magistrate Judge") for initial screening and a report and recommendation.

On April 1, 2019, Respondent filed a *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* with a supporting memorandum [Dkt. No. 11]. The Magistrate Judge issued a Roseboro Notice to Petitioner on April 3, 2019 [Dkt. No. 12], and Petitioner filed a reply to Respondent's motion [Dkt. No. 18]. On December 27, 2019, the Magistrate Judge issued the R&R recommending that Respondent's motion to dismiss [Dkt. No. 11] be granted [Dkt. No. 22]. The R&R further recommends that the petition be denied and dismissed with prejudice [Id. at 18].

The R&R warned that the parties had "fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 22 at 18]. The R&R stated that the failure to file written objections would constitute a waiver of appellate review by the Circuit Court of Appeals [Id.]. It further stated that the failure to file written objections would also relieve the Court of any obligation to conduct a de novo review of the issue presented [Id.]. See

Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The R&R was issued on December 27, 2019, and mailed to Petitioner, via certified mail, on that same date [Dkt. No. 22-1]. Service of the R&R was accepted on December 31, 2019 [Dkt. No. 23]. Petitioner filed an objection on January 10, 2020 [Dkt. No. 24] and moved to modify the request for relief in his § 2241 petition to credit for the time he was in custody with the State of Illinois from January 17, 2015, through December 9, 2015 [Id.], rather than the period between January 17, 2015, and August 28, 2016. Petitioner did not state specific objections to the R&R of the magistrate judge [Id.].

## II.　DISCUSSION

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The Fourth Circuit has held that an objecting party must do

so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S.Ct. 3032 (2007). The Court explained that "[t]o conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report." Id. This would result in wasted judicial resources and "the district court's effectiveness based on help from magistrate judges would be undermined." Id.

"General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BMX Technologies, Inc., 742 F.Supp.2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple []he seeks." Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D. Va. 2008).

While this matter was pending, Petitioner was transferred from FCI Hazelton, within the Northern District of West Virginia, to FCI Pekin in Pekin, Illinois [Dkt. Nos. 1, 19]. Jurisdiction to amend the calculation of a sentence of incarceration for a prisoner with the BOP is proper in the district where a prisoner

is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (jurisdiction over a § 2241 petition lies only in one district, that is the district of confinement). Under 28 U.S.C. § 2241(a), this Court may only grant habeas relief "within" the Northern District of West Virginia, which requires "nothing more than … hav[ing] jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973). Moreover, when "the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Rumsfeld, 542 U.S. at 447 (citing Ex parte Endo, 323 U.S. 283 (1944)); See Wilkes v. Anderson, 2007 WL 580000, at *2-3 (S.D.W. Va. Feb. 20, 2007); Chancy v. O'Brien, 2007 WL 1189641, at *1 (W.D. Va. April 23, 2007) (finding that jurisdiction over the § 2241 petitioner was determined at the time the action was filed, not based on the petitioner's subsequent transfer to Illinois during the pendency of the petition).

It is undisputed that between May 22, 2019, and June 26, 2019, Petitioner was transferred to FCI Pekin in the Central District of Illinois with his Petition pending in the Northern District of West Virginia[1] [Dkt. Nos. 18, 19 and 19-1]. In the petition, the

---

[1] Petitioner's brief in response to the motion to dismiss was dated May 22, 2019, and received by the Clerk's Office from FCI Hazelton

warden of FCI Hazelton is named as the only Respondent [Dkt. No. 1]. Consequently, the warden of FCI Hazelton does not have the legal authority to effectuate the requested relief now that Petitioner is an inmate at FCI Pekin within the Central District of Illinois. This district is not the proper venue for Petitioner's habeas petition.

Where the Court no longer satisfies the jurisdictional requirement to hear a petition, the Court may consider traditional venue principles and has "the authority to transfer the petition" to the appropriate district. Rumsfeld, 542 U.S. at 464 n.7 (Stevens, J., dissenting). However, pursuant to 28 U.S.C. §§ 1404, 1406, and in attempt to prevent Petitioner from having to go through the administrative remedies again in Illinois, the Court can review the Petition in order to determine whether a transfer to the Central District of Illinois is warranted.

In reviewing the petition, Magistrate Judge Michael J. Aloi determined it to have no merit because Petitioner is not entitled to prior state custody credit toward his federal sentence, and his sentence as calculated by the BOP is correct [Dkt. No. 22 at 13]. After his August 29, 2016, federal sentencing in the Northern District of Illinois, on September 1, 2016, Petitioner remained in

---

on May 31, 2019 [Dkt. Nos. 18, 18-2]. Petitioner's notice of new address was mailed from FCI Pekin on June 26, 2019, and received by the Clerk's Office on July 1, 2019 [Dkt. Nos. 19, 19-1].

the primary custody of Illinois, and was properly returned to state authorities to finish serving his state parole revocation sentence while his federal judgment was then placed as a detainer [Id. at 15; Dkt. No. 11-2; Dkt. No. 11-3, USMS USM-129 Individual Custody/Detention Report, at 15]. On October 5, 2016, Petitioner completed his state parole revocation sentence and he was released to federal authorities to commence his federal sentence [Dkt. No. 22 at 15]. Accordingly, Petitioner is mistaken in his assertion that the BOP wrongfully computed his federal sentence because it should commence on August 29, 2016, the date it was imposed [Id. at 16]; see also 18 U.S.C. § 3585(b) (stating that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences). Regardless of when his sentence was imposed, Petitioner's federal sentence did not commence until October 5, 2016.

The Magistrate Judge correctly found, and the IDOC records confirm, that all of the time Petitioner spent in the primary custody of the state of Illinois, including time he spent on parole from June 4, 2013, through January 17, 2015, when he violated parole and was arrested, as well as all of the time he spent in custody after his arrest, from January 17, 2015, through October 5, 2016, was spent serving a 10-year Illinois state sentence imposed on July 13, 2009, has already been credited against his

7

state sentence [Dkt. No. 22 at 16; Dkt. No. 11-3 at 15]. Because a defendant may not receive double credit for his detention time, Petitioner is not entitled to additional credit toward his federal sentence [Id.]. See United States v. Wilson, 503 U.S. 329, 337 (1992) (finding that Congress made clear that a defendant could not receive double credit for his detention time). Accordingly, the R&R found no merit to the Petitioner's claim, and recommended that the motion to dismiss be granted and that Petitioner's § 2241 Petition be dismissed with prejudice. The Court agrees.

Petitioner filed an objection to the R&R that did not state specific objections to the findings and recommendation by the Magistrate Judge [Dkt. No. 24]. Instead, Petitioner requested that the relief sought in the original petition be modified to allow credit for a different period in state custody – from January 17, 2015, through December 9, 2015 – on the basis of conclusory allegations and a new legal theory [Id. at 1]. This proposed time frame for prior custody credit falls within the state custody period for which Petitioner is not entitled to credit toward his federal sentence, and modification of the relief requested is not appropriate. Because Petitioner did not file specific written objections to the R&R, the Court is not required to provide a review of the conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140, 150 (1985). Nevertheless, because of the venue concern, the Court has reviewed the R&R and finds it thorough,

well-reasoned, and without clear error.  The § 2241 petition is without merit and warrants dismissal.

### III. CONCLUSION

Upon careful review, and finding no clear error, the Court **ADOPTS** the Report and Recommendation [Dkt. No. 22].  The Court **ORDERS** that:

1) Respondent's *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* [Dkt. No. 11] be **GRANTED**;

2) The Petition for writ of habeas corpus [Dkt. No. 1] be **DISMISSED WITH PREJUDICE**;

3) The Objections [Dkt. No. 24] to the R&R be **OVERRULED**; and

4) The matter be **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se Petitioner, certified mail, return receipt requested.

**DATED:** March 26, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE